Viola Romero
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ  85726-7210
Telephone:  (520) 791-4221
Fax:  (520) 623-9803
Viola.Romero@tucsonaz.gov
State Bar No. 15989
Pima County Computer No. 65038
*Attorney for Defendant Robert Massie*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BASILEA MENA, | No. 4:17-cv-00368 |
| Plaintiff, | **DEFENDANT ROBERT MASSIE'S REPORT** |
| vs. | |
| ROBERT MASSIE, | (Assigned to Hon. David C. Bury) |
| Defendant. | |

Per the Court's Order, Doc. 6, dated August 15, 2017, Defendant Robert Massie submits a proposed Case Management Plan for the Scheduling Conference set on Tuesday, September 12, 2017.  On August 22nd, 23rd, and 28th, defense counsel and her paralegal requested Plaintiff to provide a draft copy of the proposed joint report and received assurances from Plaintiff's counsel that a draft joint report was forth coming.  Defendants did not receive a draft joint report.  Then on September 6th and 7th defense counsel again requested via email a draft joint report informing Plaintiff of the September 7, 2017 deadline to file, but received no response from Plaintiff.  As a result, Defendant is filing his own report for the Court.

**1.     The names and telephone numbers for counsel who are appearing at the Pretrial Scheduling Conference.**

4537608_1

Counsel for Plaintiff Basilea Mena

William J. Risner     520-622-7494

Counsel for Defendant Robert Massie

Viola Romero          520-837-4220

**2.      The nature of the case, setting forth the factual and legal basis of plaintiff's claims and defendant's defenses;**

**Plaintiff's Claims:**

**Defendant's Defenses:**

[Defendants to fill in defenses after Plaintiff's claims are identified above.]

**3.      The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;**

[Defendant to fill in once Plaintiff's claims are identified above.]

**4.      The jurisdictional basis of the case, citing specific statutes;**

This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and/or 28 U.S.C. §1343 (a)(3), and/or 28 U.S.C. §1367 and is one which was removed to this Federal Court by Defendants pursuant to the provisions of 28 U.S.C. §1441.  Plaintiff is asserting claims against Defendant under 42 U.S.C. § 1983, including violations of the Fourth Amendment to the United States Constitution.

**5.      The parties, if any, that have not been served or any joinder of additional parties;**

None.

**6.      The names of parties not subject to the Court's jurisdiction;**

None.

**7.      Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions;**

It is likely that the Defendant will file a dispositive motion on the issue of no constitutional violation and qualified immunity.

**8.     Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial;**

Defendant Officer Robert Massie does not think this case is suitable for arbitration and does not consent to a United States Magistrate Judge.

**9.     The status of related cases pending before other judges of this court or before other courts;**

None.

**10.    The date(s) of the parties' responses to the MIDP discovery requests, and a discussion of the parties' compliance to date with the MIDP, including: a description of the Rule 26(f) discussions of the mandatory initial discovery responses and the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues; the initial and supplemental responses and any other discovery requests, objections, and responses involved in any unresolved limitations or discovery issues, and the parties should be prepared to discuss resolution of any limitations invoked by any party. General Order ¶9. The Court shall set a deadline, necessary, for supplementing MIDP responses to resolve any compliance issues to date.**

The parties have submitted their initial response to the MIDP discovery requests. There is a discovery dispute because Plaintiff's MIDP discovery disclosure does <u>not</u> comply with the Court's General Order.

**11.    Defendant's proposed deadlines for discovery, which shall also be the deadline for final supplementation of MIDP responses pursuant to General Order ¶8; filing dispositive motions, and a proposed pre-trial order statement;**

a.      Discovery/Final Supplementation of MIDP responses March 12, 2018

b.      Dispositive Motions April 30, 2018

c.      Proposed Pre-Trial Order Statement May 14, 2018, if no dispositive motions filed

3

1
2

**12.     Estimated date that the case will be ready for trial and the estimated length of trial;**

3

June, 2018, for 4 days.

4

**13.     Whether a jury trial has been requested;**

5

Plaintiff requested a jury trial.

6
7
8

**14.     The prospects for settlement, including whether any party wishes to have a settlement conference with another judge or magistrate and how settlement efforts can be assisted;**

9

Defendant does not expect to make any settlement offer.

10
11
12

**15.     In class actions, the proposed dates for class certification proceedings and other class issues. Such certification will result in the case being reassigned to the complex track for case management purposes.**

13

Not applicable.

14
15
16
17

**16.     Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential; and**

18

None.

19
20

**17.     Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.**

21

None.

22

DATED:  September 7, 2017.

23
24

MICHAEL G. RANKIN
City Attorney

25
26
27

By     /s/ Viola Romero
         Viola Romero
         Principal Assistant City Attorney

28

4

1

2

I hereby certify that on September 7, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

3

4

William J. Risner
Risner & Graham
100 North Stone Avenue, Suite 901

5

Tucson, Arizona 85701

6

*Attorneys for Plaintiff*

7

By <u>E. Ramirez/lc</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28