**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Basilea Mena,<br><br>  Plaintiff,<br><br>v.<br><br>Robert Massie,<br><br>  Defendant. | No. CV-17-00368-TUC-DCB<br><br>**ORDER** |

Plaintiff sued Defendant in state court. Defendant removed the case here on July 28, 2017. This Court has subject matter jurisdiction over the case based on 28 U.S.C. 1343(a)(3) because Plaintiff's Complaint includes a claim under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment to the United States Constitution. Plaintiff alleges that on or about June 22, 2016, she was engaged in a lovers quarrel on east Speedway Blvd in the road median. Allegedly, the Defendant, without any reasonable suspicion to believe that any criminal activity had occurred, seized the Plaintiff using excessive force. She was arrested for refusing to give her name to police officers. Plaintiff alleges Defendant grabbed her by the arms to handcuff her and shoved her face-first into a palm tree causing cuts and bleeding punctures to her face and shoulders. She alleges she incurred severe emotional distress and physical injury.

On September 21, 2017, the parties participated in a Scheduling Conference, and the Court issued a Scheduling Order setting a case management schedule, which was subsequently extended on March 2, 2018, with discovery to end March 17, 2018,

dispositive motions due April 16, 2018, and the Joint Proposed Pretrial Order due 30 days after the Court rules on dispositive motions.

On March 26, 2018, the Defendant filed a motion requesting an Order by this Court authorizing disclosure of confidential health information. The Defendant complains that the Plaintiff has refused to sign a HIPAA-complaint medical authorization release. Plaintiff did disclose an unauthenticated copy of a three-page Banner University Medical Center (BUMC) document consisting of a one-page medical report summary, an instruction to patients on how to access patent records, and a bill related to care and treatment received by Plaintiff on June 22, 2016. The Plaintiff has not provided any other medical records, and the Defendant does not know if the one page medical report summary is a complete document. The Defendant seeks Plaintiff's medical records from BUMC from the date of the June 22, 2016, incident to present and asks to extend the discovery deadline by 30 days to complete this discovery.

Plaintiff argues that she has been deposed and testified under oath that this was the one and only medical visit related to the incident. Plaintiff disputes the need for authenticated medical records because she will agree to admission of the unauthenticated records. She makes no claim of medical expenses beyond the $35.00 charge of her one visit. Plaintiff complains that the Defendant has not explained why the Plaintiff's medical records from June 22, 2016 to the present are relevant. (Response (Doc. 26) at 2-3.)

The Defendant replies that the Plaintiff seeks monetary damages for physical and emotional injuries including scrapes, scarring, depression, anxiety, stomach pain, nausea, and physical symptoms. Because the Plaintiff claims physical and mental health damages, her healthcare records are relevant and discoverable, as follows:

> Defendant is entitled to verify Plaintiff's medical claims and her credibility from records provided by a custodian of records to determine: 1) if the uncertified 1-page medical summary from June 22, 2016 is a complete or incomplete medical record; 2) if Plaintiff sought treatment for her alleged depression, anxiety, stomach pain, or nausea prior to or after the date of incident; 3) if there were other causes or contributory medical reasons for her alleged depression, anxiety, stomach pain, and nausea; 4) if her alleged depression, anxiety, stomach pain, and nausea resulted from a separate and

> distinct incident than what is alleged in the lawsuit; 5) and if Plaintiff made any statements to medical personal about the incident.

(Reply (Doc. 27) at 2.) "Defendant is not required to rely on Plaintiff's counsel as a conduit to records or Plaintiff's assertion that the record is complete or Plaintiff's assertion that other medical records are not relevant to this lawsuit." *Id.* at 3.

Under Fed. R. Civ. P. 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence. District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks and citations omitted). The Court grants the discovery request.

**Accordingly,**

**IT IS ORDERED** that the Defendant's Motion for Order Authorizing Disclosure of Confidential health Information (Doc. 25) is GRANTED: Plaintiff shall sign a HIPAA-complaint medical authorization release for certified copies of Plaintiff's BUMC medical records from June 22, 2016 to present.

**IT IS FURTHER ORDERED** that, alternatively, the Plaintiff may have her medical records submitted directly from BUMC to the Court for *in camera* review.

**IT IS FURTHER ORDERED** that within 24 hours of the filing date of this Order, the Defendant shall provide Plaintiff with the medical release form and the Plaintiff shall have 48 hours to sign it and return it to the Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the case management deadlines are extended for 30 days from the filing date of this Order <u>for the limited purpose of allowing the Defendant to obtain Plaintiff's medical records as ordered herein.</u>

Dated this 17th day of May, 2018.

_____
Honorable David C. Bury
United States District Judge