**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Basilea Mena,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Robert Massie,<br><br>　　　　Defendant. | No. CV-17-00368-TUC-DCB<br><br>**ORDER** |

For the reasons explained below, the Court grants in part and denies in part the Defendants' Motion for Summary Judgment.

The Court grants summary judgment to the extent the Plaintiff alleges an illegal seizure or false arrest. The Court denies summary judgment on Plaintiff's claim of excessive use of force.

Neither party seeks oral argument on the motion. The parties submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument will not aid the court's decision-making process which is entirely based on questions of law. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). The Court rules without hearing arguments.

Plaintiff alleges that Defendants violated the Fourth Amendment which prohibits unreasonable searches and seizures when she refused to produce her identification. Defendants arrested her for violating A.R.S. § 13-2412(A) which provides:

> It is unlawful for a person, after being advised that the person's refusal to answer is unlawful, to fail or refuse to state the person's true full name on request of a peace officer who has lawfully detained the person based on reasonable suspicion that the person has committed, is committing or is about to commit a crime. A person detained under this section shall state the person's true full name but shall not be compelled to answer any other inquiry of a peace officer.

Failure to comply with this statute is a class two misdemeanor and probable cause for arrest. A.R.S. § 13-2412(B). *See also State v. Fittz*, 2018 WL 3730953, at *2 (Ariz. Ct. App. July 26, 2018).

The Court turns to the Defendants' assertion of qualified immunity, which protects police officers from individual liability under 42 U.S.C. § 1983 for an abuse of discretion violating civil rights unless the legal right was "clearly established" at the time, and a reasonable person in the same position would have known that what he did violated that right. *Behrens v. Pelletier*, 516 U.S. 299, 304 (1996); *Collins v. Jordan*, 110 F.3d 1363, 1369 (9th Cir. 1996); *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir. 1996); *Act Up/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993). Qualified immunity is designed to protect an officer who, reasonably, but mistakenly, acts in violation of some constitutional right. *Saucier v. Katz*, 533 U.S. 194, 205 (2001). The doctrine bars the suit; it is not a defense to liability. *Act Up/Portland*, 988 F.2d at 872-73. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity is a legal question, and it is addressed by the Court at the earliest possible point in the litigation. *Act Up/Portland*, 988 F.2d at 872-73.

When determining whether an officer is entitled to qualified immunity, the Court considers (1) whether there has been a violation of a constitutional right, and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). At summary judgment, an officer may be denied qualified immunity in a Section 1983 action "only if (1) the facts alleged, taken

in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood [his] conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

If the question of whether there has been a constitutional violation involves disputed facts which, when viewed most favorably to the Plaintiff, could support a rational jury finding in her favor, this Court must move to the second question: whether the right at issue was clearly established such that a reasonable officer would have understood his actions were unlawful. Then, the law does not "require a case directly on point, but existing precedent must have placed the ... constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 740 (2011). There must be precedent involving similar facts to provide an officer notice that a specific use of force is unlawful. *Kisela v. Hughes,* 138 S. Ct. 1148, 1153 (2018) (*per curium*).

The Court turns to the facts of the case as alleged by the Plaintiff. She submits that she and her boyfriend had left a bar where they had played pool and drank two small pitchers of beer. It was around midnight and they were walking along Speedway. They were "speaking in raised voices," i.e., arguing about whether she was cheating on him. They crossed the street at the Swan intersection and at the median, her boyfriend stopped on the center median. It is undisputed that police officers, Defendants Pettey and Massie, heard them from where the officers were parked in a Chase Bank parking lot on Swan and Speedway. Defendants Pettey and Massie drove, with their emergency lights on, to the intersection to investigate what was going on. According to the Plaintiff, her boyfriend was crying, and he told police that she was cheating on him. According to the Plaintiff, the Defendants asked her for her identification and DID NOT ask her for her name. (Ps' SOF (Doc. 31) ¶¶2,4-11, 14-23)

According to the Plaintiff when the Defendants asked her to produce her identification, she started to open her wallet and asked, "what we did wrong," and they

wouldn't answer her, which caused her to stop getting her identification from her wallet. (Ds' SOF, Ex. Mena Depo. at 25 (Doc. 29-2 at 11)). According to her, very quickly, 3 minutes or less, without any warning that they were going to arrest her, the male officer, Defendant Massie grabbed her and jerked her around to handcuff her. *Id.* at 26-27. According to the Plaintiff, as she was jerked around the handcuffs must have pinched the officer's hand[1] and he shoved her against a palm tree. *Id.* at 27. Her face and shoulders were severely scratched. *Id.* at 44-45.

It is undisputed that she was arrested, pursuant to a citation for violating A.R.S. § 13-2412(A), which makes it a crime to refuse to give a person's true full name upon a request from a peace officer while being lawfully detained based on reasonable suspicion that a crime has been, is being, or about to be committed. She submits she was not advised that her refusal to give her full true name was unlawful. Failure to comply with this statute is probable cause for arrest.

Based on the facts as alleged by the Plaintiff, the Court finds that Plaintiff's constitutional rights were not violated when Officer Robert Massie and Police Sergeant Pettey drove from the Chase Bank parking lot and approached her and her boyfriend because they were arguing with raised voices in the median of the street. Police may approach and ask questions without violating the Fourth Amendment, "[a]s long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Defendants correctly assert that police officers may briefly detain an individual if there is reasonable suspicion that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1 (1968), *see also United States v. Cortez*, 449 U.S., at 417 (1981) ("An investigatory stop must be justified by some objective manifestation that

---

[1] According to Defendant Massie, she was defensively resisting arrest by twisting her arms, meaning she was trying to keep from getting arrested but was not assaulting him. As she twisted her arm, the handcuff bound up and pinched his hand and as she tried to pull away, she came into contact with the palm tree. (Ds' SOF, Ex. Massie Depo. at 21 (Doc. 29-3 at 12)).

- 4 -

the person stopped is, or is about to be, engaged in criminal activity"). Reasonable suspicion determinations must consider the "totality of the circumstances" of each case to see whether a police officer has a "particularized and objective basis" for suspecting wrongdoing. The Court finds that there was reasonable suspicion to detain the Plaintiff under *Terry* to investigate the cause of the disturbance occurring in the middle of the street, including whether it involved illegal underage consumption of alcohol, domestic violence, or some public safety issue.

Plaintiff by her own testimony reflects she believed she was free to walk away until she was not. She was surprised when without any warning Defendant Massie grabbed her wrist and jerked her around to handcuff her. The issue here is whether Defendant Massie had reasonable suspicion when he handcuffed and subsequently arrested the Plaintiff for violating A.R.S. § 13-2412(A). According to the facts as stated by the Plaintiff, he did not. He did not ask her to state her true name. He did not warn her that failure to give her full true name would result in her arrest. He had neither a reasonable suspicion nor probable cause to believe she was violating A.R.S. § 13-2412(A).

The Court finds that this is the exact type of mistake that qualified immunity guards against. There is no allegation by the Plaintiff that Defendant Massie intentionally disregarded the statute. Either he did ask her for her full true name or as she alleges he didn't because he reasonably, but mistakenly believed the statute reached her conduct of refusing to produce identification. The Court grants summary judgment for Defendants on any claims of illegal seizure or false arrest.

The harder question is whether Defendant Massie, six feet two inches and weighing 225 pounds, used excessive force when arresting the five feet five inches tall and 120 pound Plaintiff, by shoving or pushing her face first into the palm tree. According to her, she was jerked around and not resisting arrest. According to him, she was trying to keep from getting arrested by twisting her arms and pulling away, which caused her to come into contact with the palm tree. The Court finds there are material

questions of fact in dispute that preclude summary judgment on the basis of qualified immunity.

The Supreme Court recently considered this Circuit's application of qualified immunity in the context of excessive use of force cases. It explained the following:

> Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent "squarely governs" the specific facts at issue. *Id.* at 309[][2] Precedent involving similar facts can help move a case beyond the otherwise "hazy border between excessive and acceptable force" and thereby provide an officer notice that a specific use of force is unlawful. *Id*.

*Kisela,* 138 S. Ct. at 1153.

Here, the underlying facts are disputed. Did the Plaintiff resist arrest? Did she jerk away or did Defendant Massie jerk her about? Was she inebriated and a danger to herself and/or others if not quickly subdued. Could Defendants have simply asked her to turn around and put her hands behind her back? These disputed facts must be determined to assess whether Defendant Massie violated the Plaintiff's constitutional right to be free from the excessive use of force. Also, these facts must necessarily be established before the Court can consider the second prong of the qualified immunity assessment: whether precedent exists "squarely governing" the specific facts of the case, which will move the case beyond the "hazy border" between excessive and acceptable force.

If pressed to determine qualified immunity, now, based on the facts as alleged by Plaintiff and construed in her favor, the Court would look to cases which are black and white, regardless of differing factual predicts, where any force used is constitutionally unreasonable, if there is no need for any use of force. *See e.g., P.B. v. Koch*, 96 F.3d 1298, 1303–04 & n. 4 (9th Cir.1996) (where there was no need for force, slapping, punching, and choking a student bears no reasonable relation to need and can only be found to have been done for the purpose of causing harm); *Felix v. McCarthy*, 939 F.2d 699, (9th Cir. 1991) (denying qualified immunity were guard's unprovoked attack against prisoner causes bruising, soreness, and emotional damage); *Meredith v. Arizona*, 523 F.2d 481, 482-84 (9th

---

[2] " *Mullenix v. Luna*, 136 S.Ct. 305 (2015) (*per curiam*).

Cir.1975) (inmate states a claim when he alleges that guards used official force for unjustified purposes).

Ordinarily this Court would resolve qualified immunity before trial, *see Hunter v. Bryant*, 112 S.Ct. 534, 536-37 (1991), but here the underlying facts are in dispute, and therefore, the Court will not resolve the issue of qualified immunity on summary judgment. *See Act Up!/Portland*, 988 F.2d at 873 ("[i]f a genuine issue of fact exists preventing a determination [of qualified immunity] at summary judgment, the court may permit the case to proceed to trial and make the qualified immunity determination after the facts have been fully aired in the courtroom").

**Accordingly,**

**IT IS ORDERED** that the Defendants' Motion for Summary Judgment (Doc. 28) is GRANTED IN PART AND DENIED IN PART.

**IT IS FURTHER ORDERED** that the Plaintiff's excessive use of force claim shall proceed to trial.

**IT IS FURTHER ORDERED** that within 30 days of the filing date of this Order the parties shall prepare and file the Proposed Pretrial Order. A Pretrial Conference shall be held thereafter, with the trial date to be set at the Pretrial Conference.

Dated this 7th day of January, 2019.

_____
Honorable David C. Bury
United States District Judge