**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Basilea Mena, | No. CV-17-00368-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Massie, | |
| Defendant. | |

The Court denies the Motion for Reconsideration because it is untimely and lacks merit.

On January 8, 2019, the Court granted summary judgment for Defendants based on qualified immunity in part on the Fourth Amendment claim alleging an unreasonable seizure and denied summary judgment in part on the excessive use of force claim. The case is trial ready. On August 3, 2021, the Plaintiff filed a Motion for Reconsideration of summary judgment of the false arrest claim. She argues that briefing the motions in limine focused attention on evidence related to the false arrest allegations warranting its reinstatement for trial. To be clear, she does not argue that new evidence was introduced by Defendants in the motions in limine. "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). The Plaintiff does not assert good cause for the late filing; the issue of timeliness is ignored in the Motion for Reconsideration.

1

2      Fed. R. Civ. P. Rule 59(e) permits a district court to reconsider and amend a previous

3  order, and offers an "'extraordinary remedy, to be used sparingly in the interests of finality

4  and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d

5  877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., supra § 59.30[4])). Indeed,

6  "'a motion for reconsideration should not be granted, absent highly unusual circumstances,

7  unless the district court is presented with newly discovered evidence, committed clear

8  error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange

9  Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

10      A Rule 59(e) motion may not be used to raise arguments or present evidence for the

11  first time when they could reasonably have been raised earlier in the litigation. *Id., see also*

12  *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th

13  Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what

14  the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel*

15  *Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983). A motion for reconsideration

16  should not repeat any argument previously made in support of or in opposition to a motion.

17  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz.

18  2003). Mere disagreement with a previous order is an insufficient basis for reconsideration.

19  *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Arguments that

20  the court was in error on the issues it considered should be directed to the court of appeals.

21  *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983),

22  aff'd, 770 F.2d 98 (7th Cir.1985).

23      In summary, reconsideration is only appropriate if the Court has patently

24  misunderstood a party, has made a decision outside the adversarial issues presented to the

25  court by the parties, or has made an error not of reasoning but of apprehension. This and

26  significant changes in controlling law are rare problems, and a motion to reconsider should

27  be equally rare. *Above the Belt, Inc.*, 99 F.R.D. at 101, *Sullivan v. Faras-RLS Group, Ltd.*,

28  795 F. Supp. 305, 308-09 (D. Ariz. 1992).

1    Plaintiff's Motion for Reconsideration relies on the deposition testimony of

2    Defendant Massie, which was taken on January 26, 2018, and relied on in the Plaintiff's

3    Response to the Defendants' Motion for Summary Judgment. *See* (Response (Doc. 30) at

4    6 (citing SOF ¶¶ 24, 26, Massie's deposition, 19:25; 20:1-25; 21:1-22); (Ds SOF (same)).

5    To the extent the Plaintiff focuses now on Massie's deposition testimony, the Court rejects

6    this as newly discovered evidence. Plaintiff simply disagrees with the Court's prior Order

7    and is asking the Court to rethink its prior decision. Plaintiff is doing exactly what is

8    precluded on reconsideration. She may not reurge in order to refine the argument she

9    previously made in response to the Defendants' Motion for Summary Judgment.

10    When the Court granted summary judgment on the false arrest claim, the Court

11    found "that there was reasonable suspicion to detain the Plaintiff under *Terry*[1] to investigate

12    the cause of the disturbance occurring in the middle of the street, including whether it

13    involved illegal underage consumption of alcohol, domestic violence, or some public safety

14    issue." (Order (Doc. 37) at 5.) The basis of the arrest was, however, an alleged violation of

15    A.R.S. § 13-2412A "which provides:

16    > It is unlawful for a person, after being advised that the person's refusal to
17    > answer is unlawful, to fail or refuse to state the person's true full name on
18    > request of a peace officer who has lawfully detained the person based on
19    > reasonable suspicion that the person has committed, is committing or is about
20    > to commit a crime. A person detained under this section shall state the
21    > person's true full name but shall not be compelled to answer any other inquiry
22    > of a peace officer.

20    *Id.* at 2.

21    In her Response to the Motion for Summary Judgment, the Plaintiff argued that

22    Defendant violated her constitutional rights by arresting her because there was "no

23    reasonable suspicion" to believe she violated the statute because: 1) there was no evidence

24    she was asked her name or told that her refusal to state her full name was unlawful,

25    (Response (Doc. 30) at 4), and/or 2) officers knew they could not arrest her for "asking or

26    waiting for an answer without compliance with A.R.S. 13-2412A," *id.* at 6.

27

28    _____

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).

As she does now, the Plaintiff asserted "the Defendant knew that Plaintiff was not required to give him her identification under Arizona law. (PSOF 26) Defendant agreed that a citizen can ask \questions of the police, including 'why do I have to hand you my identification.' (PSOF 24)"[2] (Response (Doc. 30) at 4.) She relied on the arrest sequence as described by the Defendant, in relevant part as follows:

> Q: And she was under arrest for what?
>
> **A: Failure to identify. She'd been given multiple opportunities to provide her identification. It had been explained to her, the legal issue, she is required to identify herself. At one point she acted like she was going to identify by providing her ID, then she -- it appeared that she changed her mind, and at that point that was -- she was noncompliant with her -- the requirement for her to provide her truthful name.**

(Response (Doc. 30) at 5.) In response to the Motion for Summary Judgment, the Plaintiff argued it was "clear that the context was paper identification and that her identification was in her wallet. She 'changed her mind' while she waited for an explanation to her question." *Id.* at 6.

Based on the Plaintiff's response to the Defendants' assertion of qualified immunity, the Court held the issue was whether Officer Massie had reasonable suspicion for arresting the Plaintiff for violating A.R.S. § 13-2412(A). The Court found "he did not," based on the "facts as stated by the Plaintiff." "He did not ask her to state her true name. He did not warn her that failure to give her full true name would result in her arrest. He had neither a reasonable suspicion nor probable cause to believe she was violating A.R.S. § 13-2412(A)." (Order (Doc. 37) at 5.) The Court found "that this is the exact type of mistake that qualified immunity guards against." *Id.*

The Court noted, "[t]here is no allegation by the Plaintiff that Defendant Massie intentionally disregarded the statute." Either he did ask her for her full true name or as she alleges he didn't *because he reasonably, but mistakenly believed the statute reached her*

---

[2] She also asked: "What we did wrong," (Order (Doc. 37) at 4 (quoting (Ds SOF Ex. Mena Depo. at 25 (Doc. 29-2 at 11)).

*conduct of refusing to produce identification*." *Id.* On reconsideration, the Plaintiff argues that the Court erred in concluding Massie did not assert intentional disregard for the statute. Her Complaint alleged "None of the officers told Ms. Mena that she was not required to provide identification nor was she told that she was only required to provide them with her full name." (Motion Reconsideration (Doc. 67) at 3 (quoting Complaint ¶ 11).

The Court notes that this allegation is not the same as alleging that Massie knew the Plaintiff had not been told that she was required to provide her full true name.

As the Court understands the basis for reconsideration, Plaintiff challenges the Court's assessment regarding the reasonableness of any mistake because there is no evidence to support any finding of mistake. Massie admits knowing the statute can only be violated if a person fails to give her true full name after being advised that the person's refusal to answer is unlawful. Massie also admits he knew that refusing to tender paper identification did not violate the statute and knew that the Plaintiff could ask questions. In other words, because Massie knew all Plaintiff's conduct did not violate the statue, he knowingly and intentionally violated her constitutional right to be free from false arrest when he arrested her for violating A.R.S. § 13-2412(A).

The evidentiary arguments made by the Plaintiff, however, merely support the Court's conclusion on summary judgment that Massie violated the Plaintiff's constitutional right to be free of an illegal arrest. It does not defeat the Defendants' claim of qualified immunity, which is a defense designed to guard against unintentional mistakes. "The doctrine of qualified immunity "shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances confronted. Even if the officer's decision is constitutionally deficient, qualified immunity shields [him] from suit if [his] misapprehension about the law applicable to the circumstances was reasonable." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The purpose of the doctrine is "to recognize that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to make difficult decisions

- 5 -

1    in challenging situations, thus disrupting the effective performance of their public duties."

2    *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). Because "it is inevitable that law

3    enforcement officials will in some cases reasonably but mistakenly conclude that probable

4    cause is present," qualified immunity protects officials "who act in ways they reasonably

5    believe to be lawful." *Garcia v. Cty. of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011). It

6    "gives ample room for mistaken judgments" and protects "*all but the plainly incompetent*

7    *or those who knowingly violate the law*." *Hunter v. Bryant*, 502 U.S. 224 (1991) (emphasis

8    added); *see also Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*,

9    475 U.S. 335, 341 (1986)).

10        The Court finds no merit to the Motion for Reconsideration. As the arrest sequence

11   proffered by Plaintiff in her Response to the Defendants' Motion for Summary Judgment

12   suggests, there was ample evidentiary support for the Court's finding that Massie

13   reasonably made a mistake in believing he had probable cause to arrest her. The Court

14   focused on Plaintiff's conduct of refusing to produce her identification because the

15   Response argued the context of the arrest sequence related to the paper investigation. Even

16   if the Court got it wrong in concluding Massie may have reasonably, but mistakenly,

17   believed the failure to provide her identification violated A.R.S. § 13-2412(A), he either

18   reasonably believed she had been asked and advised to give her true name or that there was

19   probable cause to arrest her for some other reason, such as her refusal to produce her

20   identification to allay suspicions she drinking underage. *See* (Response (Doc. 30) at 4

21   (recognizing the Defendant "may have been suspicious of underage alcohol consumption"

22   but arguing they should have asked her age instead of asking her to produce identification).

23   There is no legal support for Plaintiff's suggestion that Defendants should not have asked

24   her to produce her identification to address the suspected underage drinking.

25        The Court's Order did not address the Defendants' other proffers of probable cause

26   for the arrest because the Plaintiff did not address them in her Response. Defendants

27   submitted there was probable cause to arrest the Plaintiff because her refusal to move away

28   from her boyfriend hindered their investigation, and there were obvious safety concerns

because she was intoxicated on a center median at night and in close proximately to cars traveling past them on a busy street. (MSJ (Doc. 28) at 8) (citing *Tremblay v. McClellan*, 350 F.3d 195, 201 (1st Cir. 2003) (An objectively reasonable officer could have been concerned that juveniles under the influence of alcohol walking along a highway in the middle of the night could run a risk of being hit by a car.)

It is well established that "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988)). When assessing qualified immunity for a claim of false arrest, the Court looks at the facts the officer knew at the time of the arrest to determine if he (1) had probable cause for the arrest and (2) "whether it is reasonably arguable that there was probable cause to arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Id.* (citing *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007)); *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001)),

An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime*." Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). The crime need not be the crime ultimately charged nor contemplated at the time of arrest. *See Rosenbaum*, 663 F.3d at 1076; *Davenpeck v. Alford*, 543 U.S. 146, 153-55 (2004) (rejecting the "closely related offense" rule as inconsistent with objective standard and finding, where arrest was for tape recording traffic stop, probable cause existed for arrest for impersonating an officer and obstructing justice).

Plaintiff's failure to respond to the Defendants' other assertions of probable cause warranted granting the Motion for Summary Judgment. Under the totality of the circumstances known to the arresting officers, as alleged by the Plaintiff, the Defendants had probable cause to arrest the Plaintiff for impeding the investigation and public safety concerns. The Court finds the Motion for Reconsideration lacks merit.

1    **Accordingly,**

2    **IT IS ORDERED** that the Motion for Reconsideration (Doc. 67) is DENIED as

3    untimely and for lack of merit.

4    Dated this 13th day of August, 2021.

5

6

7

8    _____

9    Honorable David C. Bury
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28